**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| EMTEL, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-1798 |
| | § | |
| LIPIDLABS, INC, *et al*., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

**I.     Background**

Emtel filed this action in 2007, alleging infringement of U.S. Patent No. 7,129,970 (the '970

Patent). (Docket Entry No. 1). In 2008, this court ruled that defendant Specialists on Call ("SOC"),[1]

had not infringed the '970 Patent claims. (Docket Entry No. 58; *see also Emtel, Inc. v. Lipidlabs,

Inc.*, 583 F. Supp. 2d 811 (S.D. Tex. 2008)). Emtel then moved to stay this litigation to ask the U.S.

Patent and Trademark Office ("PTO") for reissuance. (Docket Entry No. 61). This court granted

Emtel's motion. (Docket Entry No. 62). On April 12, 2011, the patent was reissued as U.S. Reissue

Patent No. 42,288 (the '288 Patent). (Docket Entries No. 63, 64). This court then lifted the stay.

(Docket Entry No. 69).

Emtel then moved for reconsideration of this court's grant of summary judgment of

noninfringement on the '970 Patent, (Docket Entry No. 76), which this court denied, (Docket Entry

No. 114). Emtel amended its complaint to add claims that SOC infringed the '288 Patent. (Docket

---

[1] Emtel had also sued Lipidlabs, Inc., Doctors Telehealth Network, Inc., and Tele-Med Dox LLC, but SOC is
the only active defendant remaining. Doctors Telehealth and Tele-Med Dox defaulted. (Docket Entries No. 114).
Lipidlabs answered, (Docket Entry No. 12), but then did not respond to Emtel's motion for summary judgment, which
the court granted, in part because of Lipidlab's deemed admissions, (Docket Entries No. 114).

Entry No. 86).  SOC moved for summary judgment of noninfringement.  (Docket Entry No. 98).
This court issued a memorandum and order denying summary judgment on infringement of the
claims added by the '288 Patent on October 31, 2012.  (Docket Entry No. 131).

On November 26, 2012, the PTO entered an order granting a request for ex parte
reexamination of the '288 Patent.  (Docket Entry No. 135).

Two motions are now pending.  On November 28, 2012, Emtel moved for reconsideration
of this court's 2008 and 2012 summary judgment rulings.  (Docket Entry No. 134).  SOC responded.
(Docket Entry No. 137).  On December 18, 2012, SOC filed a motion to stay this case pending the
reexamination of the '288 Patent.  (Docket Entry No. 136).  Emtel responded, opposing the stay.
(Docket Entry No. 139).

Based on the motions and responsive briefing, this court's previous rulings, and the relevant
law, this court denies Emtel's motion for reconsideration and grants SOC's motion to stay.  The
reasons are explained below.

## II.    The Motion to Reconsider

Emtel originally sued SOC for directly infringing and actively inducing infringement of the
method covered by claims 1–8 of the '970 Patent.  Claims 1–8 of the '288 Patent are substantially
identical to claims 1–8 of the '970 Patent.  In the 2008 Order granting SOC's summary judgment
motion, (Docket Entry No. 58), this court held that claims 1–8 of the '970 Patent were not directly
infringed because SOC did not perform every step of the claims, either directly or through others
under its direction and control.  In the 2012 Order, this court held that claims 1–8 of the '288 Patent
"are not infringed for the same reasons that they were not infringed" in its 2008 Order and again
granted summary judgment of noninfringement.  (Docket Entry No. 131, at 3).

Emtel has requested that this court clarify or reconsider its 2012 Order to the extent that it

2

relates to Emtel's claim of *inducing* infringement under 35 U.S.C. § 271(b) of claims 1–8 of the '288 Patent.  (*Id.* at 1).  Emtel argued that the 2008 Order was based on SOC's inability to perform every step of the claims, and that this court should clarify that the 2012 Order did not address claims for induced infringement.

This request is a motion to alter or amend under Federal Rule of Civil Procedure 59(e).  The motion was filed within 28 days after this court's 2012 Order was entered.  *See Lavespere v. Niagra Machinery & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990) (depending on when it is filed, a motion for reconsideration is treated either as a motion to "alter or amend" under Rule 59(e) or a motion for relief from judgment under Rule 60(b)).  A Rule 59(e) motion "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (citing *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)).  "A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).  "'Manifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'"  *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (quoting *Venegas–Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004)).  The Fifth Circuit warns that altering, amending, or reconsidering a judgment under Rule 59(e) is an extraordinary remedy that courts should use sparingly.  *Templet*, 367 F.3d at 479; *see also* 11 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2810.1, at 124 (2d ed. 1995). The Rule 59(e) standard "favors denial of motions to alter or amend a judgment."  *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

3

In its 2007 summary judgment motion, SOC argued that it was entitled to summary judgment because "there is no genuine issue of material fact whether Movants either directly, indirectly, or vicariously perform each step required by all the claims of the '970 patent, such that Movants are therefore entitled to a summary judgment of non-infringement."  (Docket Entry No. 21, at 11). Emtel responded with evidence supporting its claim that SOC was liable for direct infringement on a "divided multiple-party"[2] or a joint-infringement basis.  (Docket Entry No. 27, at 2–3).  Emtel argued that summary judgment was improper on direct infringement because SOC and its physicians together performed all the steps of the patent, or because SOC directed and controlled the physicians' performance.  (*Id.* at 8–19).  Although Emtel stated in an introductory paragraph that SOC "actively induced the physicians to directly infringe the patent," (*id.* at 4), Emtel did not make this argument in the body of its motion.

In 2008, this court granted SOC's motion for summary judgment.  (Docket Entry No. 58, at 53).  This court rejected Emtel's direct-infringement theory under the state of the law at that time. (*Id.* at 52).  Emtel's summary judgment evidence and argument addressed a direct-infringement claim.  This court therefore granted summary judgment for SOC on Emtel's induced-infringement claim.

In 2011, Emtel filed a "Motion to Reconsider Summary Judgment on Divided Infringement" with respect to the '970 Patent.  (Docket Entry No. 76).  Emtel argued:

> The Court's judgment turned on Defendants' not controlling the substance of how

---

[2]   According to Emtel, "[i]n a basic divided-infringement scenario, a party who performs some, but not all, of the steps of a patented method is liable for direct infringement if that party instructs another to perform the remaining steps."  (Docket Entry No. 27, at 5 (citing *BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1378, 1379 (Fed. Cir. 2007)) (footnote omitted)).  "Divided claims are those for which the patent can only be infringed by aggregating the conduct of multiple parties, such as those encountered in the computer networking field having method steps occurring at both the server and client sides.  (*Id.* at 5 n.5 (citing Mark A. Lemley et al., *Divided Infringement Claims*, 33 AIPLA Q.J. 255, 256 (2005))).

> its affiliated physicians practice medicine.  The issue, however, is whether
> Defendants' control resulted in the physicians performing the non-unitary steps of
> the '970 claims.  Because those steps do *not* specify the substance of how the
> physicians practice medicine, Defendants' lack of control over it does not matter.
> Instead, Defendants' control over the physicians' use of the telemedicine system at
> issue is what matters.

(*Id.* at 2).  Emtel argued that cases issued after the 2008 Order indicated that the Federal Circuit was

changing the requirements for joint infringement.  (*Id.*)  Emtel cited the Federal Circuit's 2011 grant

of en banc review in *Akamai Techs., Inc. v. Mass. Inst. of Tech.*, 419 F. App'x 989 (Fed. Cir. 2011),

to address the question whether, "[i]f separate entities each perform separate steps of a method

claim, under what circumstances would that claim be directly infringed and to what extent would

each of the parties be liable."  (*Id.* at 3–4).  Emtel argued that the uncertainty in the law made the

earlier summary judgment grant inappropriate.  Emtel asserted that the en banc Federal Circuit might

decide *Akamai* in a way that would make Emtel's case present a genuine fact dispute as to direct

infringement.  Emtel's motion for reconsideration was silent about induced infringement.

In 2011, Emtel patented additional claims under the '288 Patent, which purportedly could

be infringed by one entity alone.  Emtel amended its complaint after the '288 Patent issued.  (Docket

Entry No. 86).  Emtel asserted direct and induced infringement as to the new claims in the '288

Patent (claims 9–20), as well as to the '970 Patent claims (claims 1–8).  SOC moved for summary

judgment on all grounds.  (Docket Entry No. 98).  Emtel's response stated:

> Though SOC seeks summary judgment on claims 1 to 8, this is repetitive.  SOC's
> *first* summary judgment motion argued that no single entity could infringe these
> claims — a telemedicine business such as SOC performed most steps and a physician
> performed the others — and that SOC was not responsible for its physicians.  The
> Court granted that motion.

(Docket Entry No. 103, at 1 (citations omitted)).

Emtel's theory in 2008 was that SOC and its physicians were jointly liable for direct

infringement.  This court granted summary judgment for SOC on that theory.  Emtel moved for reconsideration on the ground that case law was in flux and the Federal Circuit might relax the requirements for direct infringement.  (Docket Entry No. 76).  This court rejected that argument.  (Docket Entry No. 114; *see also* Docket Entry No. 115, Tr., at 3).  Emtel's most recent summary judgment response refers back to its argument in its motion for reconsideration that SOC was liable for direct infringement on a joint-infringement theory.  (Docket Entry No. 103, at 2 & n.4).  During oral argument on the motion, Emtel argued that the Federal Circuit was likely to issue an en banc ruling in the foreseeable future siding with its position.  (Docket Entry No. 115, at 2–3).

The Federal Circuit did change the state of the law in *Akamai* in an August 2012 en banc decision.  *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 692 F.3d 1301 (Fed. Cir. 2012) (en banc) (per curiam).  But it did not make the change Emtel hoped for.  The *Akamai* court left in place the state of the law for direct infringement, but relaxed the requirements for showing induced infringement of a method claim.  The *Akamai* court held that a party practicing some of the patented claims may be liable as an indirect joint infringer, even absent control or direction, if the party induces another to perform the remainder of the claims.  *Id.* at 1305–06.  The Federal Circuit left undisturbed the law of direct joint infringement.  *Id.* at 1307.  After *Akamai*, a defendant can be liable for induced infringement even if no one party performs all the steps claimed in the patent.  Emtel did not supplement its motions or briefs after the *Akamai* decision.

This court's October 2012 Order granting SOC summary judgment on the '288 Patent ruled on the arguments and claims as the parties presented them.  Emtel opposed summary judgment on the ground that SOC was liable for direct infringement on a joint-infringement theory.  Emtel acknowledged that this was the same position this court rejected in 2008 and in denying the 2011 motion for reconsideration.  (Docket Entry No. 103, at 1–2).  As previously explained, the only legal

6

and factual basis Emtel presented in opposing summary judgment was its direct-infringement theory. That is why this court wrote the 2012 Order granting summary judgment for SOC on claims 1–8 of the '288 Patent based on the same reasons as the 2008 ruling on the '970 Patent. And that is why *Akamai* did not affect the legal standard for direct infringement, which formed the basis for this court's 2008 Order granting summary judgment for SOC on claims 1–8 of the '970 Patent. (Docket Entry No. 131, at 3 & n.4).

Emtel now appears to assert that, after *Akamai*, the claims it urged as joint-infringement claims might also be presented as induced-infringement claims. This is not, however, a function of ambiguity in the 2012 Order. No clarification of that order is needed. The issue is whether the 2012 Order granting summary judgment should be reconsidered.

The motion for reconsideration is appropriately treated as a motion to alter or amend. *See, e.g.*, *Edward H. Bohlin Co., v. Banning Co.*, 6 F.3d 350, 353 (5th Cir. 1993). "A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (quotations omitted). Emtel was aware of the pending *Akamai* decision and the arguments surrounding it. Emtel cited the pendency of that case to this court several times. The en banc decision was on file for two months before this court issued its summary judgment opinion. Emtel did not, however, raise the argument that SOC might also have been liable for induced infringement before the judgment issued. The circumstances do not warrant reconsideration. And the pending reexamination of the patent in suit is a strong reason not to reconsider the ruling at this time.

## II.     The Motion to Stay

Claim-construction briefing in this case was completed and a *Markman* hearing was held on February 15, 2012. (Docket Entry No. 114). The parties conducted discovery specifically related to SOC's summary judgment motion and supplemented the briefing based on this discovery. (Docket Entries No. 117, 121). On April 23, 2012, this court granted the joint motion to suspend all scheduling-order deadlines until the *Markman* ruling issued. (Docket Entry No. 124). The order denying summary judgment on the new claims in the '288 Patent issued on October 31, 2012. Emtel notified this court on December 7, 2012 that the PTO granted a petition to reexamine all claims of the '288 Patent. (Docket Entry No. 135). SOC moved to stay this case on December 18, 2012. (Docket Entry No. 136). The litigation has essentially been stayed from April 2012 to the present.

Emtel is asserting infringement of the '288 Patent in two other matters: (a) *Emtel, Inc. v. Coastal Family Health Center, Inc.*, No. 12-cv-00100 (S.D. Miss.), filed February 14, 2012; and (b) *Emtel, Inc. v. Medaire, Inc., et al.*, No. 11-cv-03007 (S.D. Tex), filed August 17, 2011. (Docket Entry No. 136, at 2 n.2). Both these cases are administratively closed. The *Coastal Family* case is stayed pending reexamination of the '288 Patent. The *Medaire* case is stayed pending a claim-construction ruling in the present case.

"The district court has the inherent power to control its own docket, including the power to stay proceedings." *Soverain Software LLC v. Amazon, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005) (citations omitted). Management of the court's docket requires "the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Courts typically consider three factors when deciding whether to stay litigation pending reexamination: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *Soverain*

*Software LLC*, 356 F. Supp. 2d at 662.

The first factor weighs in favor of granting the stay. Emtel initially asked for and received a lengthy stay of this litigation to pursue reissuance to fix "shortcomings" in its original patent. (Docket Entry No. 61). Emtel sought the stay "to allow the patentability of the subject matter of the '970 Patent to be reassessed, including amended claims, by the PTO." (*Id.* at 2). Now SOC seeks to stay this case for largely the same reasons. Emtel has not objected to stays in its other litigation on the '288 Patent. (S.D. Tex., 11-cv-03007, Docket Entry No. 92; S.D. Miss., 12-cv-00100, Docket Entry No. 64). Although Emtel cites delay and the possible risk to the ready availability of evidence, (Docket Entry No. 139, at 2–3), Emtel has either sought or agreed to delay throughout this case. Simple delay, by itself, is not prejudicial. *Research In Motion Ltd. v. Visto Corp.*, 545 F. Supp. 2d 1011, 1012 (N.D. Cal. 2008); *see also Duco, Inc. v. Aker Solution US, Inc.*, 2012 WL 2847469, at *3 (S.D. Tex. July 10, 2012) ("delay, by itself, does not equate to prejudice"). Emtel cites no specific evidence it is at risk of losing.

Emtel also argues that resolution of the *Medaire* case in the Southern District of Texas is contingent on claim construction in this case, and that staying this case will essentially delay two cases. (Docket Entry No. 139, at 3–5). That delay does not equate to prejudice in either or both cases. Emtel does not practice its patents and seeks monetary damages, not time-sensitive injunctive relief. *See, e.g.*, *Visual Interactive Phone Concepts, Inc. v. Samsung Telecomm. Am., LLC*, 2012 WL 1049197, at *3 (E.D. Mich. Mar. 28, 2012) (granting a motion to stay in part because the plaintiff did not practice the patents or seek injunctive relief). A stay does not unduly prejudice or disadvantage either party.

The second factor, whether a stay would simplify the issues, also supports granting the stay. The PTO granted reexamination of each asserted claim on multiple grounds in view of prior art that

was not applied in prior prosecution.  There is a substantial possibility that these claims could be cancelled or modified.  Even if claims remain unamended, Emtel's statements during reexamination and the PTO's insights will be valuable to the issues this court will have to decide.  *See, e.g.*, *Duco*, 2012 WL 2847469, at *4 (explaining that even if claims survive reexamination, "the Patent Office's insight on the validity of the patent would be of invaluable assistance to this Court").  Indeed, Emtel cited similar reasons when it pursued its own motion in 2008 to stay pending reissue.  (*See* Docket Entry No. 61, at 5 ("[S]implification occurs 'from the cancellation, clarification, or limitation of claims,' and even if that does not occur, from the 'valuable analysis [provided by the PTO] to the district court.'")).  If a stay is not granted, this court risks "wast[ing] its time and the time and resources of the parties by addressing invalid claims."  *Cameras Onsite, LLC v. Digital Mgmt. Solutions, Inc.*, 2010 WL 1268054, at *4 (S.D. Tex. Mar. 24, 2010); *see also DataTreasury Corp. v. Wells Fargo & Co.*, 490 F. Supp. 2d 749, 755 (E.D. Tex. 2006) (explaining that "[a]mended claims . . . have the potential for simplifying the issues that need to be litigated" and that "[n]arrowing claims would commensurately simplify the issues at trial").  The desirability of staying litigation of the patent in suit pending reexamination was already recognized by the court in the Southern District of Mississippi *Coastal Family* case, which Emtel agreed to stay pending reexamination.  (S.D. Miss., 12-cv-00100, Docket Entry No. 64, Agreed Order Staying Case).

The third factor, whether discovery is complete and whether a trial date has been set, also weighs in favor of granting a stay.  Despite its 2007 filing date, this case is far from ready for trial.  A claim-construction ruling is still due, and the parties will require significant additional discovery and preparation before trial.  The discovery conducted so far relates to claim-construction and the narrow noninfringement issues raised in SOC's motion for summary judgment concerning a particular claim term.  Pretrial deadlines have been stayed and no trial date is scheduled.

10

This court, having carefully considered the positions of the parties, is convinced that a stay is appropriate.  SOC's motion to stay is granted.

IV.     **Conclusion**

Emtel's motion for reconsideration is denied at this time.  The motion to stay is granted. This case is administratively closed pending resolution of the reexamination of the '288 Patent.  The parties must submit a joint status report in writing every 60 days.

SIGNED on April 19, 2013, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

11